Seawell, J.
delivered the opiniop of the Court:
If the deed to the daughter was made with a view to defraud creditors, though clothed in the most solbmn form, it would be void when opposed to such claimants ; and if it was made without such motive actually existing, yet if unattested by a subscribing witness, it is declared void by the Act of 1784, which Act our Courts have construed to extend, only to creditors and purchasers.*
Loften, under whom the Defendant claims, purchased first from the father, and afterwards at the sale of a ere-ditor under an execution against the father. If the firs: purchase was bona fde and there is nothing to.impeach it but merely the inadequacy of price, the deed to the .daughter being a gift and unattested by a subscribing. *40 Witness, is, as to him, void; and the inadequacy of price a circumstance from which, with others, fraud may be inferred, yet/in itself it is insufficient. But if this purchase was mala fide* and. with iniquitous intent, it would still leave the property, as it fruncí it, liable to the claims of creditors, and the last purchase being made from a public officer, against whose conduct there is no imputation ; the sale being to the highest bidder, where every person had an equal opportunity, though Loften’s conduct at that sale gives no grace to his claim, yet if the father then had a title which was answerable to his creditors, it necessarily passed to Loften by such sale. W e have hot thought it necessary minutely to notice the circumstances under which the deed.was executed to the daughter; but if it was, we should have no hesitation in pAnouncing it fraudulent.
The father, at a time he is much embarrassed, conveys nearly the whole of his estate absolutely to his two infant children, who, from their tender years, are incapable of using it. A conduct so extraordinary and unnecessary in itself, affords the strongest evidence of a fraudulent intention ; and when coupled with a subsequent sale of the same property for a valuable consideration, or opposed to the claim of creditors, conviction follows.
Upon no ground, therefore, can the verdict be supported, but must be set aside and a nonsuit entered.

 Pearson v. Fisher, 1 Car. Law Rep. 460 Sherman v. Russel, 471. 2 L. R. 481.

 Squire v. Riggs. 2 Car. Law Rep. 274